UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VAN CLARADY )<br>)<br>Plaintiff )<br>)<br>vs. )<br>)<br>MAIN STREET ACQUISITION, )<br>CORP. )<br>& )<br>GREEN & COOPER, LLP )<br>& )<br>STONELEIGH RECOVERY )<br>ASSOCIATES, LLC )<br>)<br>Defendants ) | Case Number 1:12-CV-0103 (GTS/ATB)<br><br>CIVIL COMPLAINT<br><br>JURY TRIAL DEMANDED |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Van Clarady, by and through his undersigned counsel, Bruce K. Warren, Esquire, of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiff, Van Clarady, is a adult natural person and brings this action for actual and statutory damages and other relief against Defendants for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practice and for Breach of Contract against Defendants, Stoneleigh and Main Street.

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that Defendant, Main Street Acquisition Corp maintains a primary location in this District.

## III. PARTIES

4. Plaintiff, Van Clarady, is an adult natural person residing in Buford, Georgia. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Main Street Acquisition Corp., (Defendant, Main Street), at all time relevant hereto, is and was a corporation engaged in the business of collecting debt within the State of New York, with its principal place of business located at 41 State Street, Suite 106, Albany, New York 12207.

6. Defendant, Greene & Cooper, LLP ("Defendant, Green & Cooper"), at all times relevant hereto, is and was a limited liability partnership engaged in the business of collecting debt within the States of New York and Georgia with its principal place of business located at 615 Colonial Park Drive, Suite 105, Roswell, GA 30075.

7. Defendant, Stoneleigh Recovery Associates, LLC, ("Defendant, Stoneleigh"), at all times relevant hereto, is and was a limited liability company engaged in the business of collecting debt within the States of New York and Illinois, with its principal place of business located at 801 Springer Drive, Lombard, IL 60148.

8. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

9. In or around July, 2011, Plaintiff along with assistance from his personal legal counsel entered into a settlement arrangement with Defendant, Stoneleigh, on a debt allegedly owned by Defendant, Main Street. **See "EXHIBIT A" (letter) attached hereto**.

10. Plaintiff's original balance was approximately $2,579.41 and originated from a Care One Visa account.

11. Defendant, Stoneleigh, gave the Plaintiff the opportunity to settle this account for $861.00.

12. Plaintiff's first payment in the amount of $615.00 was due on or before June 30, 2011.

13. Plaintiff agreed to then make three (3) additional monthly payments of $82.00 starting July 30, 2011 and ending September 30, 2011.

14. On or about June 21, 2011, Plaintiff issued the first required payment to Defendant, Stoneleigh.

15. Defendant, Stoneleigh, accepted and did not return his payment.

16. Plaintiff sent the next two (2) payments as agreed.

17. Defendant, Stoneleigh, accepted all payments.

18. Defendant, Stoneleigh, did not return these payments.

19. In August, 2011, Plaintiff was contacted by Defendant, Green & Cooper's agent, Jamile Cooke, stating that Defendant, Main Street, had now placed Plaintiff's account with their firm for collection.

20. Plaintiff still issued his final required payment to Defendant, Stoneleigh.

21. Plaintiff informed Defendant, Green & Cooper, that the account had been settled and sent them the settlement letter and copies of the checks that has been issued.

22. Defendant, Green & Cooper, responded that Defendant, Main Street, did not have to continue to honor any settlement offered by Defendant, Stoneleigh.

23. Plaintiff was threatened with being served legal papers if he did not set up payment arrangements with Defendant, Green & Cooper.

24. It is not certain that Defendant, Stoneleigh, had the authority to offer a settlement on behalf of Defendant, Main Street.

25. Plaintiff attempted to contact Defendant, Green & Cooper's agent, Jamile Cooke, on two (2) more occasions, but agent never returned any of the Plaintiff's calls.

26. On or about December 8, 2011, Defendant, Green & Cooper, subsequently sued the Plaintiff on behalf of Defendant, Main Street. **See "EXHIBIT B" (summons) attached hereto**.

27. Defendant's, Main Street, and Green & Cooper, allege that the Plaintiff still owes a balance of $2,156.71.

28. Defendant, Green & Cooper, does acknowledge that Plaintiff made a final payment of $82 in August, 2011, but does not reference the fact that the payment was the final payment in a settlement arrangement.

29. Defendants, Stoneleigh and Main Street, have failed to honor the settlement agreement that was promised and in place between themselves, and the Plaintiff.

30. This breach is at no fault of the Plaintiff, who was making payments as agreed upon.

31. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

32. As a direct consequence of the Defendants acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, emotional distress, fear, frustration and embarrassment.

33. The Defendants conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency.

34. The Defendants acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such persons in connection with the collection of a debt.

35. The Defendants and all of them knew or should have known that their actions violated the FDCPA. Additionally, Defendants could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

36. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendants herein.

37. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiffs herein.

## COUNT I – FDCPA

### (Plaintiff v. All Defendants)

38. The above paragraphs are hereby incorporated herein by reference.

39. At all times relevant hereto, Defendants were attempting to collect an alleged debt which was incurred by Plaintiffs for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

40. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692d | Any conduct the natural consequence of which is to harass, oppress or abuse any person |
| §§ 1692d(5) | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| §§ 1692e | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(10) | Any false representation or deceptive means to collect a debt or obtain information on a consumer |
| §§ 1692f | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendants, for the following:

    a.    Actual damages;

    b.    Statutory damages pursuant to 15 U.S.C. § 1692k;

    c.    Reasonable attorney's fees and litigation expenses, plus costs of suit; and

    d.    Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT II -BREACH OF CONTRACT

**(Plaintiff v. Stoneleigh and Main Street)**

41.    The above paragraphs are hereby incorporated herein by reference.

42.    The facts set forth herein establish that there was a contractual relationship between the parties, whereby the Defendants, promised to the Plaintiff the opportunity to participate in an agreed upon settlement. Plaintiff accepted the invitation that was offered and agreed to participate in the settlement.

43.    Plaintiff fulfilled her contractual obligation by making payment timely.

44.    Defendants, Stoneleigh and Main Street, failed to abide by the contract terms.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendants, Stoneleigh and Main Street, for the following:

    a.    Actual damages;

    b.    Reasonable attorney's fees and litigation expenses, plus costs of suit; and

    c.    Such additional and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

                                                **Respectfully submitted,**

                                                **Warren & Vullings, LLP**

**Date: January 17, 2012**                    BY: _____
                                                    Bruce K. Warren, Esquire

                                                Warren & Vullings, LLP
                                                93 Old York Road
                                                Suite 333
                                                Jenkintown, PA 19046
                                                215-745-9800   Fax 215-745-7880
                                                Attorneys for Plaintiff
                                                bkw@w-vlaw.com